# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

FILED
AUG 3 0 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Aubrey Dion Gooden-El, )
    Petitioner, )
)
v. ) 1:09cv1322 (TSE/JFA)
)
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Aubrey Dion Gooden-El, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of institutional disciplinary proceedings that resulted in his loss of good-time credits and hence lengthened his period of incarceration. Respondent has filed a Motion to Dismiss with a supporting memorandum of law and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response and brief in opposition to respondent's motion, including additional exhibits, followed by a letter correcting a reference in the reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

During the period of time relevant to the events described here, petitioner was confined at Haynesville Correctional Center ("HCC"). According to petitioner's allegations, he wrote a letter to the Mississippi Department of Corrections ("MDC") on June 30, 2008, requesting information about Mississippi's Death Row and execution chamber. Resp. Ex. A, Att. at 5. Instead of providing the MDC with his full name, inmate number, and the address of HCC, petitioner used the name

"Dion Gooden-El," and included a reference to a "mailstop" along with his inmate number. Resp. Ex. A, Att. at 9 - 11. As a result, petitioner was charged with the institutional offense of commission of fraud by communication, on the following specific bases: (1) that "Dion" was not petitioner's name and was being used fraudulently; (2) that "Gooden-El" was not petitioner's name and was being used fraudulently; and (3) that 154613, petitioner's inmate number, was not a "mailstop" and that the term "mailstop" was being used fraudulently. Resp. Ex. A, Att. at 6.

At a disciplinary hearing on August 11, 2008, the investigating officer testified, and petitioner was given the opportunity to confront and cross examine him. In addition, as revealed by his own allegations, petitioner was allowed to present a "plethora" of evidence in support of his position. Resp. Ex. A, Att. at 6. Specifically, petitioner testified that he used his middle name of "Dion" when corresponding with the MDC because he does not like the name "Aubrey," and he denied that he was trying to conceal his inmate number by referring to it as a "mailstop." Mahon Aff. ¶ 5.[1] The hearing officer concluded that petitioner had concealed or misrepresented his name and inmate number to disguise the fact that he was incarcerated and thereby to obtain information from the MDC, and that petitioner thus had committed the offense with which he was charged. Id.[2] As a result, petitioner was sentenced to six (6) days in segregation, and the Institutional Classification Authority moved petitioner's parole eligibility date from August 29, 2019 to December 14, 2020, and his mandatory parole release date from April 29, 2026 to April 7, 2031. Resp. Ex. A, Att. at 6 - 7. Petitioner's institutional appeal of that result was denied by the warden. Resp. Ex. A, Att. at 7.

---

[1] A mailstop is a mail delivery identifier, and generally is defined as the four-digit code that appears following the ZIP code in a postal address. Resp. Mem. ¶ 18.

[2] The hearing officer cited religious reasons in determining that petitioner did not use the name "Gooden-El" fraudulently. Resp. Ex. A, Att. at 6.

2

Petitioner subsequently sought habeas corpus relief from the Virginia Supreme Court, arguing that his right to due process was denied because his disciplinary conviction was based on insufficient evidence. Pet., ¶ 11. The Court dismissed the petition on December 15, 2009, on the holding that it was "frivolous." Gooden-El v. Dir., Dep't of Corrections, R. No. 091657 (Va. Dec. 15, 2009). Resp. Ex. A, Part 3 at 24. In this federal proceeding, petitioner reiterates his contention that his right to due process was abridged because the evidence presented was insufficient to find him guilty of the disciplinary infraction that resulted in the lengthening of his term of incarceration.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, the federal court may not grant relief unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## III. Merits

When petitioner raised the same claim he makes here in his habeas corpus application to the Supreme Court of Virginia, the petition was dismissed as "frivolous." "[A] decision by a state court summarily dismissing a petitioner's claim as 'frivolous' is an adjudication on the merits within the meaning of 28 U.S.C. § 2254(d). As such, the petitioner's subsequent application in federal court for a writ of habeas corpus can only be granted if that state adjudication '(1) resulted in a decision that was contrary to . . . clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts . . .' 28 U.S.C. § 2254(d)." Parker v. Angelone, 959 F. Supp. 319, 320 (E.D. Va. 1997).

It is well established that in order to prove a violation of his right to due process, an inmate must establish that he was deprived of a liberty interest. Wilkinson v. Austin, 545 U.S. 209 (2005); Sandin v. Conner, 515 U.S. 472 (1995). In the context of a challenge to a loss of good time credits, due process is satisfied if "some evidence" supports the disciplinary decision of prison administrators. Superintendent v. Hill, 472 U.S. 445 (1985). Here, based on petitioner's own description of the salient facts as well on as respondents' exhibits, "some evidence" supported the conclusion that petitioner committed the institutional offense of fraud by communication. It is uncontroverted that petitioner wrote to the Mississippi Department of Corrections seeking information regarding that state's Death Row facilities, and that in doing so he used an incomplete name and referred to his inmate number as a "mailstop." Plainly, "some evidence" existed to support the determination that petitioner engaged in fraud by communication. Also according to petitioner's own allegations, he was afforded notice of the institutional charge he faced, a hearing, confrontation of the evidence and witnesses against him, and an opportunity to elicit evidence and to argue on his

4

own behalf. Resp. Ex. A, Att. at 6. Petitioner was apprised of the outcome of the disciplinary hearing and availed himself of the opportunity to appeal. Thus, it is readily apparent on this record that due process was satisfied in connection with petitioner's disciplinary proceedings. Superintendent, 472 U.S. at 445.

In his Response and Brief in Opposition to Motion to Dismiss, petitioner argues as he did in the state habeas proceeding that the evidence presented at the hearing was insufficient to find him guilty of a disciplinary infraction. However, petitioner assumes the wrong standard of review. As noted above, the applicable standard in a due process challenge to the result of prison disciplinary proceedings is that the finding must be supported only by "some" evidence, Superintendent, 472 U.S. at 445; there is no requirement that either the quantum or quality of the evidence meet a sufficiency test. Moreover, even were that not true, petitioner's arguments still would be unavailing. For example, petitioner's reliance on circumstances such as whether the investigating officer was aware that "Dion" is petitioner's middle name, whether petitioner's deception was discovered by officials at MDC, and whether the information petitioner sought to obtain was confidential are irrelevant to the dispositive issue of whether petitioner intended to represent himself fraudulently in his correspondence. The hearing officer in this case found as fact that Gooden-El "concealed / misrepresented his name and state number, according to the evidence, to obtain the information requested from the Mississippi Department of Corrections," Mahon Aff., Enc. B, and HCC's warden upheld that decision, noting that "[c]onsidering all the factors in this case, it is clear [Gooden-El] intended to deceive the recipient" of the fraudulent correspondence. Mahon Aff., Enc. C. On habeas corpus review, such a factual determination must be presumed true. See 28 U.S.C. § 2254 (e)(1). Accordingly, as petitioner has failed to demonstrate that the rejection of his present claim by the

Virginia Supreme Court was contrary to clearly established federal law or was based on an unreasonable determination of the facts, the same result is compelled here. Williams, 529 U.S. at 412-13.

## IV. Conclusion

For the foregoing stated above, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 30th day of August 2010.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge